FILED
2019 Aug-14 AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SABRINA TOLBERT, on behalf of JAYLAND D. WHITE, <br><br>   Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 5:18-cv-849-GMB |

## MEMORANDUM OPINION AND ORDER

On April 4, 2014, Plaintiff Sabrina Tolbert filed an application for supplemental security income on behalf of her son, the claimant, Jayland D. White. His alleged disability onset date is March 20, 2014. White's application for benefits was denied at the initial administrative level. Tolbert then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on April 26, 2017. She denied White's claims on June 27, 2017. Tolbert requested a review of the ALJ's decision by the Appeals Council, which declined review on March 14, 2018. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of March 14, 2018.

White's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Based on its careful review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED to the ALJ for proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

An individual under the age of 18 is considered disabled if he shows a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 month." 42 U.S.C. § 1382c(a)(3)(C)(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). White bears the burden of proving that he is disabled, and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

For those under the age of 18, a determination of disability under the Social Security Act requires a three-step analysis. 20 C.F.R. § 416.924(a). The Commissioner must determine in sequence:

(1) Is the child engaged in substantial gainful activity?
(2) Are the child's impairments severe?
(3) Do the child's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

*See Ware v. Colvin*, 997 F. Supp. 2d 1212 (N.D. Ala. 2014).

In determining whether an impairment or combination of impairments meets a listing, "the ALJ must consider six domains which are broad areas of functioning

intended to capture all of what a child can and cannot do." *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (internal citation and quotations omitted). Those domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objections, (4) caring for yourself, and (5) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). "Functional equivalence is found if the child's impairment or combination of impairments results in marked limitations in two domains of functioning or an extreme limitation in one domain." *Ware*, 997 F. Supp. 2d at 1216 (internal citation and quotation omitted). "If the impairment(s) does not satisfy the duration requirements, or does not meet, medically equal, or functionally equal one of the Listings in the Regulations, a finding of not disabled will be reached and the claim will be denied." *Id.*

### III. FACTUAL BACKGROUND

Jayland White was 16 years old at the time of the ALJ's decision. R. 54 & 178. At the time of the hearing, he was in the tenth grade. R. 60. The ALJ questioned both White and his mother, Tolbert. White lives with his mother and two siblings in a home in a home in Hazel Green, Alabama. R. 64 & 179. His primary complaints are epilepsy, narcolepsy, a history of migraine headaches, and seizures. Doc. 13 at 1. When he applied for disability benefits, he alleged that he was disabled due to seizures, migraines, pain from the waist down, and asthma. R. 102. He suffers

5

from a seizure disorder. R. 32. White is not engaged in any substantial gainful activity. R. 32.

At the hearing, Tolbert testified that White suffers from absence seizures. R. 68. When he suffers a seizure, he is nonresponsive and stares for a few seconds. R. 70. Tolbert testified that White complains of headaches in relation to his seizures. R. 70. He takes Keppra to treat them (R. 33) and Provigil for his narcolepsy. R. 72. Tolbert testified that she also gives White medication to treat his frequent headaches and migraines. R. 71. She also testified that White must avoid the outdoors because his allergies cause migraines. R. 73. At the hearing, Tolbert alleged that White's medications cause him to be excessively drowsy. R. 71.

The ALJ issued her decision on June 27, 2017. R. 42. She found that White suffers from the severe impairment of a seizure disorder. R. 32. While finding that the seizure disorder causes more than minimal functional limitations, she concluded that the medically determinable impairments of obstructive sleep apnea, narcolepsy, asthma, allergic rhinitis, and headaches and migraines do not result in more than minimal functional limitations and therefore are not severe. R. 32. The ALJ also determined that White does not suffer from a medically determinable mental impairment. R. 32. The ALJ concluded at step three of the analysis that none of White's impairments, nor a combination of his impairments, satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 33. The

ALJ also concluded that none of White's impairments, nor a combination of his impairments, functionally equals the severity of the listings because White does not suffer from an extreme limitation in any domain of function or a marked limitation in any two domains of functioning. R. 34. Therefore, the ALJ concluded that White is not disabled within the meaning of the Social Security Act. R. 42. Based on these findings, the ALJ denied Tolbert's claims on behalf of her son.

## IV. DISCUSSION

Tolbert now presents two issues on appeal: (1) whether the decision is supported by substantial evidence, and (2) whether the ALJ inadequately considered Tolbert's testimony regarding the side effects caused by her son's medication. Doc. 13 at 2. Because the court agrees with Tolbert's second contention, any discussion of the remaining argument is pretermitted.

Tolbert argues that the ALJ did not properly consider her testimony about the side effects of White's's medication. Doc. 13 at 14.[1] "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). When determining disability, the "ALJ considers the claimant's subjective symptoms,

---

[1] Plaintiff's counsel is cautioned that future perfunctory arguments, such as this one, may be deemed abandoned. *See Morgan v. Soc. Sec. Admin., Comm'r*, 2019 WL 1466259, at *3 (N.D. Ala. Apr. 3, 2019). Merely identifying an error and copy-and-pasting caselaw is insufficient. If a brief does "not present adequate argument on [an] issue, the court will not address it." *Id.*

7

which includes the effectiveness and side effects of any medications taken for those symptoms." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010). "The ALJ must also consider how the child performs in a supportive setting and at school, as well as the effects of medication and other treatment." *See Bryant v. Soc. Sec. Admin*, 478 F. App'x 644, 646 (11th Cir. 2012) (citing 20 C.F.R. § 416.926a(a)). And the Eleventh Circuit "[has] stated that an ALJ has a duty to investigate the possible side effects of medications taken by a claimant." *McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007). But "the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving [he] is disabled." *Walker*, 404 F. App'x at 366. Instead, the claimant is required to introduce evidence supporting any claim about medicinal side effects. *Id.* A reviewing court "will not affirm simply because some rationale might have supported the ALJ's conclusions; the ALJ must state with at least some measure of clarity the grounds for his decision." *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1008 (11th Cir. 2016). In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735. And "conclusory statements . . . to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates

factual support for such a conclusion." *Kahl v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012).

Here, Tolbert developed evidence to support the claim that White's medicinal side effects contributed to his disability, and the ALJ thus had a duty consider this evidence. At the hearing, Tolbert testified that the medicine she gives to White to treat his migraines "kind of knocks [him] out." R. 71. Tolbert explained that in addition to his narcolepsy, the medication makes White even sleepier. R. 71. She explained that White is drowsy even when she is able to get him awake. R. 71. She further alleged that White has temper tantrums due to his medication. R. 74.

White's grandmother, Carrie Tolbert, provided a similar account. She completed a function report in which she stated that the "medication they have given my grandson [has] almost destroyed his livelihood. He used to be an A student; now his grades have [gone] down to D & F mostly, maybe one C. He [is] just like a zombie because when he takes his medicine he sleeps all the time." R. 237.

As the ALJ observed in her opinion, even some of White's doctors acknowledge that his medication could be causing drowsiness. "With regard to excessive sleepiness, in September 2014 Dr. Roy stated, "There is no question that some of the medications can be contributing to his sleepiness." R. 33. During visits to Roy Sleep Medicine, White was cautioned that some medications, along with insufficient sleep and sleep disorders, can increase his risk of accident, so he should

9

be aware of this potential when driving. R. 1029. And there is medical evidence indicating that White continued to experience daytime drowsiness despite taking Provigil for his narcolepsy. R. 1031.

While the ALJ perfunctorily acknowledged the allegations of excessive drowsiness (R. 33 & 35), she did not sufficiently articulate a finding about the effect of White's drowsiness on the disability determination. On this subject, the ALJ merely observed:

> Treatment notes show diagnoses of obstructive sleep apnea and narcolepsy in 2014. **With regard to excessive sleepiness, Dr. Roy in September 2014, stated: 'There is no question that some of the medications can be contributing to his sleepiness, but is unable to come off of any of them, per mom.' The more current medical evidence shows that the claimant's mother has discontinued some of the medication**, and the record does not support a finding of obstructive sleep apnea resulting any more than minimal limitations.

R. 33 (emphasis added).

The ALJ also did not include a discussion of medicinal side effects when evaluating White's limitations in each domain of functioning. As to the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself, the ALJ simply adopted the opinion of the state agency consultants, who found that White had no limitations in these domains. R. 37–39 & 41. In adopting the opinion of the state consultants, the ALJ did not discuss the alleged side effects of White's medication. As to the category of moving about and manipulating objects, the ALJ found no limitation despite the state

10

agency consultants' finding of a less-than-marked limitation. R. 40. In reaching this conclusion, the ALJ did not mention the drowsiness allegations. R. 40. The ALJ decided that White had a less-than-marked limitation in the domain of health and physical well being. R. 43. In doing so, the ALJ rejected the state consultants' opinion that White suffered a marked limitation in this area, but she did not discuss any medicinal side effects. R. 43.

Essentially, the ALJ's only finding about the drowsiness side effect is that the "more current medical evidence shows that the claimant's mother has discontinued some of the medication." R. 33. Assuming that this commentary reflects the ALJ's decision to discredit Tolbert's testimony about White's drowsiness, the ALJ has not provided sufficient information for this court to determine whether that decision is supported by substantial evidence. For example, the ALJ does not specify which medications are at issue or how refusing these medications impacts excessive sleepiness. The ALJ also does not specify when the medications were discontinued or which medical records reflect this history. It is possible that substantial evidence supports the ALJ's decision to discount Tolbert's testimony about medicinal side effects. But the lack of any explanation prevents this court from affirming the Commissioner's decision simply because some rationale might support the ALJ's conclusions. *See Stacy*, 654 F. App'x at 1008. Without any explanation, it is impossible for the court to determine whether ALJ's ultimate decision is rational and

supported by substantial evidence. *See Cowart*, 662 F.2d at 735. Accordingly, the case is due to be remanded to the ALJ for a more thorough opinion.

## V.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's decision is not based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter is REMANDED to the Administrative Law Judge for the purpose of issuing a new disability determination consistent with this opinion.

A final judgment will be entered separately.

DONE and ORDERED on August 14, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE